**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damaso Alavez,<br><br>              Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>              Respondents. | No. CV-19-00498-TUC-CKJ (BGM)<br><br>**REPORT AND RECOMMENDATION** |

      Currently pending before the Court is Petitioner Damaso Alavez's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 10). Petitioner did not reply. The Petition is ripe for adjudication.

      Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1) as untimely.

. . .

. . .

. . .

. . .

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

   *A.   Initial Charge and Sentencing*

The Arizona Court of Appeals stated the facts[2] as follows:

> In October 2011, while "racing" with another car, Alavez drove through a red light and collided with a vehicle, killing the driver, S.L. At the time of the collision, Alavez was traveling over ninety miles per hour. A test of his blood showed trace amounts of marijuana and a metabolite of cocaine, and established his alcohol concentration had been approximately .198 an hour after the collision.

Answer (Doc. 10), *State v. Alavez*, No. 2 CA-CR 2012-0441, Mem. Decision at 4 (Ariz. Ct. App. July 19, 2013) (Exh. "A") (Doc. 10-1) (citations omitted).[3] After a three (3) day trial, the jury found Petitioner guilty of second degree murder, criminal damage, endangerment, driving under the influence of an intoxicating liquor and/or drugs, driving with an alcohol concentration of 0.08 or more, and driving under the extreme influence of alcohol, and not guilty of possession of drug paraphernalia. Answer (Doc. 10), *State v. Alavez*, No. CR20113655-001, Minute Entry (Pima Cnty. Super. Ct. Sept. 14, 2012) (Exh. "B") (Doc. 10-1) at 14, 18–19. Petitioner filed a motion for new trial, which was denied. *See* Answer (Doc. 10), Def.'s Mot. for New Trial, *State v. Alavez*, No. CR20113655-001 (Pima Cnty. Super. Ct. Sept. 24, 2012) (Exh. "C") (Doc. 10-1); Answer (Doc. 10), *State v. Alavez*, No. CR20113655-001, Minute Entry (Pima Cnty. Super. Ct. Oct. 15, 2012) (Exh. "B") (Doc. 10-1). Petitioner was "sentenced to a combination of concurrent and consecutive, presumptive terms totaling 18.25 years[] imprisonment." Answer (Doc. 10), *State v. Alavez*, No. 2 CA-CR 2012-0441, Mem. Decision (Ariz. Ct. App. July 19, 2013) (Exh. "A") (Doc. 10-1); *see also* Answer (Doc. 10), *State v. Alavez*, No. CR20113655-001, Minute Entry (Pima Cnty. Super. Ct. Oct. 15,

---

[2] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426, 105 S. Ct. 844, 853, 83 L. Ed. 2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982).

[3] Page citations refer to the CM/ECF page number for ease of reference.

2012) (Exh. "D") (Doc. 10-1).

### B. Direct Appeal

On October 23, 2012, Petitioner filed a Notice of Appeal. Answer (Doc. 10), Def.'s Not. of Appeal, *State v. Alavez*, No. CR20113655-001 (Pima Cnty. Super. Ct. Oct. 12, 2012) (Exh. "D") (Doc. 10-1). On March 28, 2013, counsel for Petitioner filed an Opening Brief asserting four (4) issues for review. Answer (Doc. 10), Appellant's Opening Br., *State v. Alavez*, No. 2 CA-CR 2012-0441 (Ariz. Ct. App. July 19, 2013) (Exh. "F") (Doc. 10-1). First, Petitioner asserted that the trial court committed "fundamental error," because it "[f]ail[ed] to empanel a twelve-person jury when [Mr. Alavez] face[d] a sentence of thirty years or more[.]" *Id.*, Exh. "F" at 37, 41. Second, Petitioner argued that "[t]he trial court committed reversible error by refusing to provide a negligent homicide jury instruction and Mr. Alavez's requested manslaughter instruction because both instructions were supported by the evidence and the manslaughter instruction given did not adequately cover the offense." *Id.*, Exh. "F" at 37, 48. Third, Petitioner contended that the trial court committed reversible error when it declined to give a jury instruction for the lesser-included offense of negligent homicide despite sufficient evidence to support it. *Id.*, Exh. "F" at 37, 49. Finally, Petitioner asserted that the trial court committed reversible error when it declined to give Mr. Alavez's requested jury instruction for manslaughter and chose to give an instruction that allegedly did not adequately cover the offense. *Id.*, Exh. "F" at 37, 53–54.

On July 19, 2013, the Arizona Court of Appeals vacated Petitioner's conviction and sentence for driving with an alcohol concentration of .08 or more, because it was a lesser-included offense of his conviction for driving while under the extreme influence of liquor, but affirmed Petitioner's convictions and sentences in all other respects. *See* Answer (Doc. 10), *State v. Alavez*, No. 2 CA-CR 2012-0441, Mem. Decision (Ariz. Ct. App. July 19, 2013) (Exh. "A") (Doc. 10-1).

As an initial matter, the court of appeals observed that "Alavez did not request a twelve-person jury or raise this objection below[.]" *Id.*, Exh. "A" at 5 n.1. Reviewing

the Arizona Supreme Court's previous decision in *State v. Soliz*, 223 Ariz. 116, 219 P.3d 1045 (2009), the appellate court noted that "[t]he trial court empanelled [sic] an eight-person jury and neither party objected[,] . . . and the [sentencing] court imposed, a presumptive, ten-year sentence." Answer (Doc. 10), Exh. "A" at 5. "On review, the supreme court noted that '[b]y failing to request a jury of twelve, the State effectively waived its ability to obtain a sentence of thirty years or more [and] [t]he trial judge affirmed this by failing to empanel a jury of twelve.'" *Id.* (quoting *Soliz*, 223 Ariz. at ¶ 16) (alterations in original). The appellate court reiterated the supreme court holding that "the twelve-person guarantee of Article [II], Section 23 is not triggered" when a lesser sentence may legally be imposed. Answer (Doc. 10), Exh. "A" at 5–6 (quoting *Soliz*, 223 Ariz. at ¶ 16) (alterations in original). The appellate court acknowledged the supreme court's finding that "even if the defendant faces a maximum sentence of thirty or more years, there is no error, structural or otherwise, when 'the case proceeds to verdict with a jury of less than twelve people without objection, and the resulting sentence is less than thirty years.'" *Id.*, Exh. "A" at 6 (quoting *Soliz*, 223 Ariz. at ¶¶ 1, 18). The appellate court found that Petitioner did not have standing to assert any rights that the victims may have had in this regard. *Id.*, Exh. "A" at 7. Consistent with *Soliz*, the appellate court held that "[e]ven though Alavez initially faced a potential sentence of thirty years, because the case proceeded 'to verdict with a jury of less than twelve people without objection, and the resulting sentence [was] less than thirty years,' no error occurred." *Id.*, Exh. "A" at 7 (quoting *Soliz*, 223 Ariz. at ¶¶ 1, 18) (alterations subsequent to first in original).

Next, the appellate court considered the trial court's denial of Petitioner's requested jury instructions for manslaughter and negligent homicide. *Id.*, Exh. "A" at 7–11. The appellate court observed that Petitioner did not object regarding the manslaughter instruction prior to deliberation. Answer (Doc. 10), *State v. Alavez*, No. 2 CA-CR 2012-0441, Mem. Decision (Ariz. Ct. App. July 19, 2013) (Exh. "A") (Doc. 10-1) at 8–9. The appellate court found that "Alavez ha[d] not established that the court's instructions, taken as a whole, did not adequately explain the law." *Id.*, Exh. "A" at 10

- 4 -

(citing *State v. Gallegos*, 178 Ariz. 1, 10, 870 P.2d 1097, 1106 (Ariz. 1997)). The appellate court further observed that "[W]hen a jury is properly instructed on the applicable law, the trial court is not required to provide additional instructions that do nothing more than reiterate or enlarge the instructions in defendant's language." *Id.*, Exh. "A" at 10 (quoting *State v. Salazar*, 173 Ariz. 399, 409, 844 P.2d 566, 576 (Ariz. 1992)). As such, the appellate court found no error with the trial court's manslaughter jury instruction. Additionally, "[b]ecause the jury had the option of th[e] immediately-lesser [sic] included offense [of manslaughter], but nonetheless found [Alavez] guilty of the highest offense, it 'necessarily rejected all other lesser-included offenses[]'" including negligent homicide. *Id.*, Exh. "A" at 11 (quoting *State v. Anderson*, 210 Ariz. 327, ¶ 65, 111 P.3d 369, 386 (Ariz. 2005) (quoting *State v. Vickers*, 159 Ariz. 532, 542, 768 P.2d 1177, 1187 (Ariz. 1989))). The appellate court held that Petitioner had "not established resulting prejudice" from the trial court's denial of a negligent homicide instruction and found "relief [wa]s not appropriate." *Id.*, Exh. "A" at 11 (citing *Anderson*, 210 Ariz. 327, ¶ 65, 111 P.3d at 386; then citing *State v. Cota*, 229 Ariz. 136, ¶ 66, 272 P.3d 1027, 1041 (Ariz. 2012)).

Finally, the appellate court agreed with the State's concession that a conviction for both driving with an alcohol concentration of .08 or more and driving while under the extreme influence of liquor violated the prohibition against double jeopardy. Answer (Doc. 10), *State v. Alavez*, No. 2 CA-CR 2012-0441, Mem. Decision (Ariz. Ct. App. July 19, 2013) (Exh. "A") (Doc. 10-1) at 11. As such, the appellate court vacated Petitioner's conviction for the lesser-included charge of driving with an alcohol concentration of .08 or more. *Id.*, Exh. "A" at 12.

On October 15, 2013, the mandate issued indicating that Petitioner had not filed a motion for reconsideration or sought review with the Arizona Supreme Court. Answer (Doc. 10), Ariz. Ct. App., No. 2 CA-CR 13-0639, Mandate 10/15/2013 (Exh. "I") (Doc. 10-1).

. . .

### C. *Post-Conviction Relief ("PCR") Proceeding*

#### 1. <u>Notice and PCR</u>

On April 23, 2018, Petitioner filed his Petition for Post-Conviction Relief ("PCR"). *See* Answer (Doc. 10), Def.'s Pet. for PCR, *State v. Alavez*, No. CR20113655-001, (Pima Cnty. Super. Ct. Sept. 14, 2012) (Exh. "J") (Doc. 10-1).[4] Petitioner asserted that he was eligible for relief because of 1) "the introduction at trial of evidence obtained by an unconstitutional search and seizure"; 2) "the denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding"; 3) "violation of the right not to be placed twice in jeopardy for the same offense"; and 4) "the abridgement of any other right guaranteed by the constitution or the laws of this state, or the constitution of the United States, including a right that was not recognized as existing at the time of the trial if retrospective application of that right is required"; and 5) "sentence imposed other than in accordance with the sentencing procedures established by rule and statute." *Id.*, Exh. "B" at 95–96.

On July 24, 2018, Petitioner filed his Memorandum in Support of Rule 32[5] Petition for Post Conviction Relief, as well as a supporting affidavit. *See* Answer (Doc. 10), Def.'s Mem. in Support of Rule 32 Pet. for PCR & Def.'s Aff. in Support of Rule 32 Pet. for PCR, *State v. Alavez*, No. CR20113655-001, (Pima Cnty. Super. Ct. July 24, 2018) (Exhs. "K" & "L") (Doc. 10-2). Petitioner asserted ineffective assistance of both trial and appellate counsel. *See id.*, Exh. "K." Petitioner asserted that trial counsel was ineffective for failing to object to the impaneling of an eight (8) person jury instead of a twelve (12) person jury. *Id.*, Exh. "K" at 11–12. Petitioner further argued that trial

---

[4] The court construed this filing as Petitioner's Notice of Post-Conviction relief. Answer (Doc. 10), *State v. Alavez*, No. CR20113655-001, Order—In Chambers: Notice for Post-Conviction Relief (Pima Cnty. Super. Ct. Aug. 3, 2018) (Exh. "M") (Doc. 10-2).

[5] Effective January 1, 2020, Rules 32 and 33, Arizona Rules of Criminal Procedure, were abrogated and new rules were adopted. *See* Ariz. Sup. Ct. Order No. R–19–0012. Generally, the substance of the former Rule 32 was divided among the two new rules based upon whether a defendant was convicted at trial (new Rule 32) or pleaded guilty or no contest (new Rule 33). *See id.*; *compare* Ariz. R. Crim. P. 32 & 33 (2019), *with* Ariz. R. Crim. P. 32 & 33 (2020).

counsel was ineffective because allegedly he failed to conduct a reasonable investigation—specifically in failing to employ an expert witness to challenge the blood results. *Id.*, Exh. "K" at 12–18. Petitioner also asserted that trial counsel was ineffective by allowing him to testify and allegedly failing to move to dismiss the lesser included offense of driving under the influence with a blood alcohol concentration ("BAC") of .08 or more. *Id.*, Exh. "K" at 18–21. Finally, Petitioner argued that appellate counsel was ineffective because he should have raised the issues of ineffective assistance of trial counsel in Petitioner's direct appeal. Answer (Doc. 10), Def.'s Mem. in Support of Rule 32 Pet. for PCR at 22–24, *State v. Alavez*, No. CR20113655-001, (Pima Cnty. Super. Ct. July 24, 2018) (Exhs. "K") (Doc. 10-2).

### 2. <u>PCR Order</u>

On August 3, 2018, the Rule 32 court summarily denied Petitioner's petition. *See* Answer (Doc. 10), *State v. Alavez*, No. CR20113655-001, Order—In Chambers: Notice for Post-Conviction Relief (Pima Cnty. Super. Ct. Aug. 3, 2018) (Exhs. "M") (Doc. 10-2). The Rule 32 court observed that Petitioner had failed to serve a copy of his April 8, 2018, Notice of Post-Conviction Relief on the court. *Id.*, Exh. "M" at 33–34. The Rule 32 court explained that "[u]nder the Arizona Rules of Criminal Procedure, 'a defendant must file a notice no later than 90 days after the judgement [sic] and sentence or no later than 30 days after the issuance of the order and mandate in the direct appeal, whichever is later.'" *Id.*, Exh. "M" at 34 (citing Ariz. R. Crim. P. 32.4(D)). The Rule 32 court found the mandate in Petitioner's direct appeal was filed on October 15, 2013, and that "Defendant did not file his Notice withing 30 days of the latest acceptable date, as set forth by Rule 32.4(D)." *Id.*, Exh. "M" at 34. As such, the Rule 32 court summarily dismissed the petition. *Id.*

### 3. <u>Reconsideration</u>

On August 28, 2018, Petitioner filed a Motion for Reconsideration of Summary Denial of Rule 32 Petition. Answer (Doc. 10), Def.'s Mot. for Recons. of Summ. Denial of Rule 32 Pet., *State v. Alavez*, No. CR20113655-001, (Pima Cnty. Super. Ct. Aug. 28,

2018) (Exhs. "N") (Doc. 10-2). On September 25, 2018, the Rule 32 court denied Petitioner's motion. *See* Answer (Doc. 10), *State v. Alavez*, No. CR20113655-001, Order—In Chambers Re: Motion for Reconsideration (Pima Cnty. Super. Ct. Sept. 25, 2018) (Exhs. "O") (Doc. 10-2). The Rule 32 court found that "none of the three arguments asserted by Defendant address why he failed to file a timely Notice of Post-Conviction Relief within the allotted time set forth in Ariz. R. Crim. P. Rule 32.4(D)." *Id.*, Exh. "O" at 43. "Because Defendant failed to submit timely [sic] notice of post-conviction relief, the [c]ourt f[ound] no grounds to advance Post-Conviction Relief proceedings." *Id.*, Exh. "O" at 44.

### 4. **PCR Appeal**

After receiving an extension of time, on November 2, 2018, Petitioner sought review of the denial of his PCR petition by the Arizona Court of Appeals. *See* Answer (Doc. 10), *State v. Alavez*, No. 2 CA-CR 2018-0310-PR, Order—In Chambers Re: Mot. to Extend Time to File Pet. for Review (Ariz. Ct. App. Sept. 26, 2018) (Exh. "P") (Doc. 10-2); Answer (Doc. 10), Pet. for Review, *State v. Alavez*, No. 2 CA-CR 2018-0310-PR (Ariz. Ct. App. Nov. 2, 2018) (Exh. "Q") (Doc. 10-2). Petitioner asserted a single issue for review. *See* Answer (Doc. 10), Exh. "Q." Petitioner alleged that his PCR Petition was timely filed under the circumstances of his case. *Id.*, Exh. "Q" at 49, 54–61.

On March 25, 2019, the Arizona Court of Appeals granted review, but denied relief. *See* Answer (Doc. 10), *State v. Alavez*, No. 2 CA-CR 2018-0310-PR, Mem. Decision (Ariz. Ct. App. Mar. 25, 2019) (Exh. "R") (Doc. 10-2). The appellate court found that the Rule 32 court did not abuse its discretion. *Id.*, Exh. "R" at 65. The appellate court observed that "Alavez did not argue he was entitled to raise his claims of ineffective assistance despite the untimeliness of the proceedings until his motion for reconsideration[;] [and] [t]he trial court was not required to address an argument first raised in such a motion." *Id.*, Exh. "R" at 66 (citing *State v. Ramirez*, 126 Ariz. 464, 467–68 (Ct. App. 1980); *then citing State v. Bortz*, 169 Ariz. 575, 577 (Ct. App. 1991)). The appellate court declined to address Petitioner's argument to the extent it relied on

*State v. Diaz*, 236 Ariz. 361 (2014), because it was raised for the first time on appeal. *Id.*, Exh. "R" at 66 (citing *Ramirez*, 126 Ariz. at 468; *then citing* Ariz. R. Crim. P. 32.9(c)(4)(B)(ii)).

On April 24, 2019, Petitioner sought review by the Arizona Supreme Court. *See* Answer (Doc. 10), Pet. for Review, *State v. Alavez*, No. CR-19-0134-PR, (Ariz. Apr. 24, 2019) (Exh. "S") (Doc. 10-2). On August 28, 2019, the court denied review. Answer (Doc. 10), *State v. Alavez*, No. CR-19-0134-PR, Order (Ariz. Aug. 28, 2019) (Exh. "U") (Doc. 10-2).

### D.  *The Instant Habeas Proceeding*

On October 15, 2019, Petitioner filed his Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner asserts two (2) grounds for relief. First, Petitioner alleges that his Sixth and Fourteenth Amendment due process rights when he was denied a twelve-person jury, the trial court declined "to give lesser included instructions of Negligent Homicide and Manslaughter[,]" and "[b]y allowing the case to be tried for driving under extreme influence of liquor and driving under alcohol concentration of .08 or more . . . in violation of double jeopardy." Petition (Doc. 1-1) at 1. Second, Petitioner asserts that trial and appellate counsel were ineffective. *Id.* at 2–16.

On February 27, 2020, Respondents filed their Limited Answer (Doc. 14), and Petitioner did not reply.

## II.  STATUTE OF LIMITATIONS

### A.  *Timeliness*

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. §

2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The other subsections being inapplicable, Petitioner must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 1929, 185 L. Ed. 2d 1019 (2013). On July 19, 2013, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on direct review. *See* Answer (Doc. 10), *State v. Alavez*, No. 2 CA-CR 2012-0441, Mem. Decision (Ariz. Ct. App. July 19, 2013) (Exh. "A") (Doc. 10-1). As such, Petitioner's judgment became final on August 23, 2013, after the expiration of the thirty-five (35) day period to seek review in the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a)[6] (a party has thirty (30) days in which to file a petition for review); Ariz. R. Crim. P. 1.3(a)[7] ("[w]henever a party has the right or is

---

[6] In 2018 this section was renumbered to Ariz. R. Crim. P. 31.21(b)(2)(A).

[7] In 2018 this section was modified. The current rule excepts court-generated documents

- 10 -

required to take some action within a prescribed period of service of a notice or other paper . . . five calendar days shall be added to the prescribed period.").

As such, pursuant to the AEDPA, Petitioner's one-year limitation period expired, absent tolling, on August 23, 2014. *See White*, 281 F.3d at 924 ("[T]he question of when a conviction becomes final, so as to start the running of the statute of limitations under § 2244(d)(1)(A), is fundamentally different from the question of how long the statute of limitations is tolled under § 2244(d)(2)."). Petitioner filed his Petition (Doc. 1) on October 15, 2019. Therefore, absent tolling, the Petition (Doc. 1) is untimely.

### B. *Statutory Tolling of the Limitations Period*

The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Allen v. Siebert*, 552 U.S. 3, 4, 128 S. Ct. 2, 3, 169 L.Ed.2d 329 (2007). An application for State post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). Statutory tolling of the limitations period ends "[a]fter the State's highest court has issued its mandate or denied review, [because] no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (collateral proceeding "determined" when the Arizona Supreme Court denied petition for review).

"[I]n Arizona, post-conviction 'proceedings begin with the filing of the Notice.'" *Hemmerle*, 495 F.3d at 1074 (quoting *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)). Petitioner filed his Petition[/Notice] for Post-Conviction Relief on April 23, 2018. Answer (Doc. 10), Def.'s Pet. for PCR, *State v. Alavez*, No. CR 2011-3655-001 (Pima Cnty. Super. Ct. Apr. 23, 2018) (Exh. "J") (Doc. 10-1). At this point, AEDPA's statute of limitations period had already expired. Furthermore, this PCR notice

---

from additional time. *See* Ariz. R. Crim. P. 1.3(a)(5).

was not properly filed and on August 3, 2018, the Rule 32 court summarily denied Petitioner's petition as untimely. *See* Answer (Doc. 10), *State v. Alavez*, No. CR 2011-3655-001, Order—In Chambers: Not. for PCR (Pima Cnty. Super. Ct. Aug. 3, 2018) (Exh. "M") (Doc. 10-2). Accordingly, the Court finds, absent equitable tolling, Petitioner's Petition (Doc. 1) is untimely.

### C. Equitable Tolling of the Limitations Period

The Supreme Court of the United States has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). The Ninth Circuit Court of Appeals "will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quotations and citations omitted). Moreover, Petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); *see also Holland*, 130 S. Ct. at 2562 (quoting *Pace*).

Petitioner's Petition (Doc. 1) are devoid of any facts to support that he had been pursuing his rights diligently. Furthermore, Petitioner has failed to meet the "very high threshold" of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition *and* that those extraordinary circumstances were the cause of his untimeliness. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). As such, Petitioner is not entitled to equitable tolling and his habeas petition is untimely. The Court recommends that Petitioner's Petition (Doc. 1) be denied because it is untimely.

### III. CONCLUSION

Based upon the foregoing, the Court finds that Petitioner's Petition (Doc. 1) is untimely and should be denied.

## IV. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-19-0498-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 12th day of April, 2022.

Honorable Bruce G. Macdonald
United States Magistrate Judge